UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TACKLE ELIGIBLE, INC., <br><br>　　　　　　　Plaintiff, <br>　　v. <br><br> SCOTTSDALE INSURANCE COMPANY, <br><br>　　　　　　　Defendant. | CASE NO. C22-0530-LK <br><br> ORDER GRANTING MOTION TO STAY |

This matter comes before the Court on Tackle Eligible, Inc's motion to stay this case pending a decision from the Washington State Supreme Court in *Hill & Stout PLLC v. Mutual of Enumclaw Ins. Co.*, No. 100211-4 (Wash.), which, like this case, involves potentially insured losses caused by the COVID-19 pandemic. Dkt. No. 21. For the reasons set forth below, the Court grants the motion to stay.

## I. BACKGROUND

Tackle Eligible, Inc. d.b.a. Earl's on the Ave owns and operates a bar on University Way in Seattle, Washington. Dkt. No. 1-1 at 3. Tackle Eligible alleges that it was forced to close Earl's

ORDER GRANTING MOTION TO STAY - 1

as a result of Governor Inslee's proclamations issued in response to the global COVID-19 pandemic, including a proclamation that required the closure of bars and other venues where people gather. *Id.* at 5–6. Tackle Eligible claims that the "all-risk" insurance policies it purchased from Scottsdale Insurance Company cover the losses it has incurred as a result of the mandatory closures and resulting loss of business. *Id.* at 4, 6. However, Scottsdale denied coverage to Tackle Eligible. *Id.* at 6.

Tackle Eligible filed suit in King County Superior Court in March 2022, Dkt. No. 1-1 at 2, and Scottsdale promptly removed the case to this Court, Dkt. No. 1. Tackle Eligible asserts claims for a declaratory judgment and for breach of contract, contending that deprivation of the normal use of its insured property is covered under Scottsdale's property and business insurance policies. Dkt. No. 1-1 at 6–7. Scottsdale counters that pandemic-related losses are not covered because the claims "do not involve 'direct physical loss of or damage to property' and are otherwise subject to exclusions from coverage for virus-related losses." Dkt. No. 24 at 2.

The Washington Supreme Court granted discretionary review in *Hill & Stout* in January 2022 and heard oral argument on June 28, 2022.[1] Tackle Eligible moved this Court to stay this case pending a decision from the Washington Supreme Court. Dkt. No. 21. A few days later, Scottsdale filed a motion to dismiss. Dkt. No. 22.

## II. JURISDICTION

This Court has jurisdiction based on 28 U.S.C. § 1332. Tackle Eligible seeks "all coverage due" under the insurance policies, Dkt. No. 1-1 at 4, and the policy limits are $300,000, Dkt. No. 4 at 2. Tackle Eligible is a Washington corporation with its principal place of business in Seattle,

---

[1] The Washington Supreme Court also heard oral argument on June 28, 2022 in *Seattle Tunnel Partners v. Great Lakes Reinsurance (UK) PLC*, No. 100168-1 (Wash.), which also involves the meaning of the "direct physical loss" policy language. *See* 492 P.3d 843 (Wash. Ct. App. 2021), *review granted*, 501 P.3d 133 (Wash. 2022).

ORDER GRANTING MOTION TO STAY - 2

Washington, *id.* at 1, and Scottsdale is an Ohio corporation with its principal place of business in Ohio, Dkt. No. 1-1 at 3. Accordingly, the parties are diverse, the amount in controversy requirement is met, and this Court has jurisdiction.

### III. DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In considering whether to grant a stay, courts consider several factors, including

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Scottsdale argues that there is no reason for a stay—and that a stay will cause unnecessary delay and expense—because a Court in this district has already held that there is no coverage for losses due to COVID-19. Dkt. No. 24 at 2 (citing *Nguyen v. Travelers Cas. Ins. Co. of Am.*, 541 F. Supp. 3d 1200 (W.D. Wash. 2021)); *id.* at 4. But "when this Court decided *Nguyen*, it had to predict how the Washington Supreme Court would interpret the relevant policy language," and now that "the Washington Supreme Court has heard argument on identical language[, i]t would not be in the interest of judicial economy for this Court to predict how the Washington Supreme Court would rule when very soon the court will in fact rule." *Jorgensen v. Dentists Ins. Co.*, No. 2:22-CV-00474-BJR, 2022 WL 3204893, at *2 (W.D. Wash. July 8, 2022); *see also Reckless Enterprises, Inc. v. First Mercury Ins. Co.*, No. 2:22-CV-00471-BJR, 2022 WL 3204895, at *2 (W.D. Wash. July 8, 2022) ("[T]his Court and others have stayed numerous COVID-19 insurance cases since the Washington Supreme Court granted review in *Hill & Stout*."). Furthermore, the

ORDER GRANTING MOTION TO STAY - 3

*Nguyen* decision has been appealed, and the Ninth Circuit recently stayed the case and vacated its submission "pending a decision by the Washington Supreme Court in *Hill & Stout PLLC v. Mutual of Enumclaw Insurance Co.*, No. 100211-4." *Nguyen v. Travelers Cas. Ins. Co. of Am.*, No. 21-35496, Dkt. No. 74 (9th Cir. Aug. 19, 2022).

A stay will promote judicial economy by allowing this Court to receive guidance from the Washington Supreme Court in *Hill & Stout* before issuing any rulings on the merits, including on Scottsdale's pending motion to dismiss. Importantly, this case presents two of the same issues as in *Hill & Stout*: (1) whether COVID-19 related losses are "physical" losses for purposes of the policies and (2) whether Washington's "efficient proximate cause" rule requires a factual determination of the predominant cause of loss before an insurer can bar coverage by relying on a "virus" coverage exclusion. *See* Dkt. No. 21 at 1–2, 25. *Hill & Stout*'s guidance on those legal issues will promote judicial economy by answering threshold questions, regardless of whether the ruling will provide a "definitive answer" to the specific questions presented in this case. Dkt. No. 24 at 3. In addition, a stay will not cause *unnecessary* delay because it will avoid the danger of inconsistent results. "While a delay in proceedings certainly imposes some hardship on both parties, the hardship that could result from conflicting rulings would be far greater." *H Lodge LLC v. Liberty Mut. Fire Ins. Co.*, No. C21-5184-BHS, 2022 WL 279070, at *4 (W.D. Wash. Jan. 31, 2022).

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Tackle Eligible's motion to stay, Dkt. No. 21. The parties are directed to submit a joint status report within 30 days of the date of a final decision in *Hill & Stout*.

1 | Dated this 6th day of September, 2022.

*Lauren King*
Lauren King
United States District Judge